# Exhibit
# 11

<center>

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

</center>

NATIONWIDE MUTUAL INSURANCE COMPANY    :    CIVIL ACTION NO.
        :    3:00CV1180 (CFD)
VS.       :
      :
BRUCE MORTENSEN, DAVID H. DONALDSON,    :
PATRICIA BLAND, JAMES WARNER, SR.,    :
JAMES L. BIRARELLI, JAMES L. BIRARELLI,   :
INC., BONNIE JOHNSON, JOHNSON AGENCY    :
INCORPORATED, ROBERT YORK AND    :
JOHN MARCUCILLI       :    NOVEMBER 6, 2000

<center>

**NOTICE OF COMPLIANCE**

</center>

The plaintiff has on this date answered Production Requests Numbered 2, 9 and 13, and has objected to Production Requests Numbered 1, through 26 of the defendants' Requests for Production dated October 3, 2000.

<div style="margin-left:50%;">

PLAINTIFF,

By _____
Michael Feldman, Esq.
Law Office of Michael Feldman
10 Waterside Drive, Ste. 303
Farmington, CT 06032
Fed. Bar ID ct06649
860-677-0551
Its Attorneys

</div>

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on the 6th day of November, 2000, to the following:

Frank F. Coulom, Jr., Esq.
Maria T. Ackley, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

_____
Michael Feldman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>         Plaintiff, | Case No.: 3:00CV1180 (CFD) |
| vs. | |
| BRUCE MORTENSEN, DAVID H. DONALDSON, PATRICIA BLAND, JAMES WARNER, SR., JAMES L. BIRARELLI, JAMES L. BIRARELLI, INC., BONNIE JOHNSON, JOHNSON AGENCY INCORPORATED, and ROBERT YORK,<br>         Defendants. | OCTOBER 3, 2000 |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUEST FOR PRODUCTION

The defendants in the above-captioned action, Bruce Mortensen, David H. Donaldson, Patricia Bland, James Warner, Sr., James L. Birarelli, James L. Birarelli, Inc., Bonnie Johnson, Johnson Agency Inc. and Robert York, pursuant to Federal Rule of Civil Procedure 26 and 33, hereby request that the plaintiff, Nationwide Mutual Insurance Company, produce the following:

### DEFINITIONS AND RULES OF CONSTRUCTION

1.      "You," "your", and "Nationwide" shall mean the plaintiff, Nationwide Mutual Insurance Company, its agents, assigns, employees, partners, associates, attorneys, and any other persons or entities acting or purporting to act on its behalf.

2.      "Insureds" shall mean Bruce Mortensen, David H. Donaldson, Patricia Bland, James Warner, Sr., James L. Birarelli, James L. Birarelli, Inc., Bonnie Johnson, Johnson Agency, Incorporated and Robert York.

3.    "Interrogatories" is defined to mean "Defendants' First Set of Interrogatories" in this action dated September 27, 2000.

4.    The terms "communication," "document," "identify," "person," "parties," and "concerning" shall have the meanings ascribed by United States District Court for the District of Connecticut Local Rule of Civil Procedure 39(c).

5.    "Correspondence" includes, but is not limited to, any letter, telegram, telex, facsimile, notice, message, memorandum, electronic mail message, other written or electronic communication or transcription or notes of a communication.

6.    The terms "all," "and," "each" and "or" shall be construed as provided in United States District Court for the District of Connecticut Local Rule of Civil Procedure 39(d).

7.    The term "any" shall mean "any and all."

8.    The term "evidence" shall mean providing, indicating, showing or tending to show, or probative of the existence or nature of.

9.    The terms "with respect to," "relating to" or "which relates to" a given subject shall mean any document that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves or is in any way pertinent to that subject including, but not limited to, documents concerning the presentation of other documents.

10.    The use of the singular form of any word includes the plural and vice versa, and the use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request for production all responses that might otherwise be considered outside its scope.

## PRODUCTION REQUESTS

Please produce the following:

1.     All opinion letter(s) identified in your response to Interrogatory 10.

   **RESPONSE:**

   See attached objection.


2.     All documents, written communications or correspondence (including e-mail)

   identified in your response to Interrogatory 11.

   **RESPONSE:**

   See attached response and objection.


3.     All written communications or correspondence (including e-mail) identified in

   your response to Interrogatory 12.

   **RESPONSE:**

   See attached objection.


4.     All written communications or correspondence (including e-mail) identified in

   your response to Interrogatory 13.

   **RESPONSE:**

   See attached objection.

5.    All written communications or correspondence (including e-mail) identified in

your response to Interrogatory 14.

**RESPONSE:**

See attached objection.

6.    All written communications or correspondence (including e-mail) identified in

your response to Interrogatory 15.

**RESPONSE:**

See attached objection.

7.    All written communications or correspondence (including e-mail) identified in

your response to Interrogatory 16.

**RESPONSE:**

See attached objection.

8.    All written communications or correspondence (including e-mail) identified in

your response to Interrogatory 17.

**RESPONSE:**

See attached objection.

9.    All written communications or correspondence (including e-mail) identified in

your response to Interrogatory 18.

**RESPONSE:**

See attached response and objection.


10.    All documents, written communications, or correspondence (including e-mail)

identified in your response to Interrogatory 19.

**RESPONSE:**

See attached objection.


11.    All documents identified or referred to in your response to Interrogatory 24.

**RESPONSE:**

See attached objection.


12.    All documents identified or referred to in your response to Interrogatory 25.

**RESPONSE:**

See attached objection.

13.    All documents, written communication or correspondence (including e-mail)
referring or relating to legal bills submitted by any law firm or lawyer, including
but not limited to, the law firm of Robinson & Cole LLP in connection with the
defense of any of the Insureds in any lawsuit(s) by Nationwide against any of the
Insureds.

**RESPONSE:**

See attached response and objection.


14.    All documents, written communication or correspondence ( including e-mail)
relating to communications with any person(s) at Lancer Claims Services, Inc.
that refers to or mentions any of the Insureds or any lawsuit(s) by Nationwide
against any of the Insureds.

**RESPONSE:**

See attached objection.


15.    All documents, written communication or correspondence (including e-mail)
relating to communication with any person at American Automobile Insurance
Company that refer to or mention any of the Insureds or any of the lawsuit(s) by
Nationwide against any of the Insureds.

**RESPONSE:**

See attached objection.

16.   All documents, written communications or correspondence (including e-mail)

relating to communication with any person at any of the Fireman's Fund

Insurance Companies that refer to or mention any of the Insureds or any of the

lawsuit(s) by Nationwide against any of the Insureds.

**RESPONSE:**

See attached objection.


17.   All agreements with any of Fireman's Fund Insurance Companies that refer or

relate to the sponsorship by Nationwide of an errors and omissions insurance

program for Nationwide independent contractor agents.

**RESPONSE:**


See attached objection.


18.   All documents, written communications or correspondence (including e-mail)

relating to communications during the period from January 1, 1999 to the present

with any of the Fireman's Fund Insurance Companies that refers or relate to the

sponsorship by Nationwide of an errors and omissions insurance program for

Nationwide independent contractor agents.

**RESPONSE:**

See attached objection.

19.   All drafts of any complaint by Nationwide against any of the Insureds or Robert Bokus.

   **RESPONSE:**

   See attached objection.

20.   All written communications, documents or correspondence (including e-mail) that refer or relate to communications between Timothy Patrick Brady and any person or entity that refer or relate to any of the Insureds or any of Nationwide's claims against any of the Insureds.

   **RESPONSE:**

   See attached objection.

21.   All documents, written communications or correspondence (including e-mail) relating to communications to or from Glen Beckwith and any person or entity that refer or relate to any of the Insureds or any of Nationwide's claims against any of the Insureds.

   **RESPONSE:**

   See attached objection.

22.    All documents, written communications or correspondence (including e-mail) relating to communications to or from Norris Joseph Young and any person or entity that refer or relate to any of the Insureds or any of Nationwide's claims against any of the Insureds.

**RESPONSE:**

See attached objection.


23.    All written communications, documents or correspondence (including e-mail) that refer or relate to any claim of insurance coverage by any of the Insureds.  This request includes, but is not limited to, written communications, documents or correspondence (including e-mail) located in Nationwide's local, state, regional or home offices.

**RESPONSE:**

See attached objection.


24.    All written communications, documents or correspondence (including e-mail) sent to or from Attorney Michael Feldman relating or referring to any of the Insureds or any claims by Nationwide against any of the Insureds.

**RESPONSE:**

See attached objection.

25.    All written communications, documents or correspondence (including e-mail)

sent to or from John Lemega  or any other partner, associate or employee of

Halloran & Sage LLP relating or referring to any of the Insureds or any claims by

Nationwide against any of the Insureds.

**RESPONSE:**

```
See attached objection.
```

26.    The entire insurance claim files(s), including adjuster's notes, or electronic notes,

of any of the Insureds.

**RESPONSE:**

```
See attached objection.
```

DEFENDANTS,


By: _____
Frank F. Coulom, Jr. (ct05230)
fcoulom@rc.com
Maria T. Ackley (ct18118)
mackley@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8200
(860) 275-8299 (fax)

## CERTIFICATION

This is to certify that on this 3rd day of October 2000, a copy of the foregoing was hand-delivered, to Michael Feldman, Esq., 10 Waterside Drive, Suite 303, Farmington, CT 06032.

Maria T. Ackley

Production Request #1.

<u>Objection</u>:

(1)  The request seeks communications which are protected by
     attorney-client privilege.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representatives or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. (26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

Production Request #2.

<u>Answer</u>:

(1)  With respect to documents which are not attorney-client privilege or work product: see attached.

(2)  With respect to documents which are work product or privileged and prepared before the commencement of litigation: none.

(3)  With respect to documents which are work product and privileged and prepared after the commencement of litigation: the request violates Local Rule 9(d)1 as it seeks to require the plaintiff to identify work product material and attorney-client privilege after commencement of the action.

The foregoing response is subject to the following objection:

(1)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its counsel Michael Feldman.

(2)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its in-house counsel Timothy Patrick Brady.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks materials containing the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the plaintiff.

Production Request #3.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Bingham Dana.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representatives or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. (26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

(7)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify written communications between
     Nationwide and its trial counsel after commencement of the
     action.

(8)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify work product material created
     after the commencement of the action.

(9)  The defendants are using this litigation to seek information
     related to claims made in other litigation (Liability
     Lawsuits).  The request is an attempt to seek discovery,
     which should be sought, if at all, in such other
     proceedings.

Production Request #4.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Bingham Dana.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representatives or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. (26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

(7)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify written communications between
     Nationwide and its trial counsel after commencement of the
     action.

(8)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify work product material created
     after the commencement of the action.

(9)  The defendants are using this litigation to seek information
     related to claims made in other litigation (Liability
     Lawsuits).  The request is an attempt to seek discovery,
     which should be sought, if at all, in such other
     proceedings.

Production Request #5.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Bingham Dana.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representatives or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. (26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

(7)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify written communications between
     Nationwide and its trial counsel after commencement of the
     action.

(8)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify work product material created
     after the commencement of the action.

(9)  The defendants are using this litigation to seek information
     related to claims made in other litigation (Liability
     Lawsuits).  The request is an attempt to seek discovery,
     which should be sought, if at all, in such other
     proceedings.

Production Request #6.

Objection:

(1)   The request seeks communications which are protected by the
      attorney-client privilege between Nationwide and its counsel
      Michael Feldman.

(2)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
      documents prepared in anticipation of litigation or for
      trial by Nationwide or its representative or attorney.

(3)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
      materials containing the mental impressions, conclusions,
      opinions or legal theories of an attorney or other
      representative of the plaintiff.

(4)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(5)   The request violates Fed. R. Civ. Pro. 26(b)(2) as the
      burden or expense of the discovery request outweighs its
      likely benefit, taking into account the needs of the case,
      the amount in controversy, the importance of the issues at
      stake in the litigation and the importance of the proposed
      discovery in resolving the issues.

(6)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case.

(7)   The request violates Local Rule 9(d)1 as it seeks to require
      the plaintiff to identify written communications between
      Nationwide and its trial counsel after commencement of the
      action.

(8)   The request violates Local Rule 9(d)1 as it seeks to require
      the plaintiff to identify work product material created
      after commencement of the action.

Production Request #7.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Michael Feldman.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

(7)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify written communications between
     Nationwide and its trial counsel after commencement of the
     action.

(8)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify work product material created
     after commencement of the action.

Production Request #8.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Michael Feldman.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

(7)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify written communications between
     Nationwide and its trial counsel after commencement of the
     action.

(8)  The request violates Local Rule 9(d)1 as it seeks to require
     the plaintiff to identify work product material created
     after commencement of the action.

Production Request #9.

<u>Answer</u>:

   Before the commencement of the declaratory judgment action: none exist.

<u>Objection</u>:

(1)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(2)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(3)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

(4)   The request violates Local Rule 9(d)1 as it seeks to require the plaintiff to identify work product material created after commencement of the action.

Production Request #10.

Objection:

(1)   The request seeks communications which are protected by the attorney-client privilege between Nationwide and its counsel John Lemega.

(2)   The request seeks communications which are protected by the attorney-client privilege between Nationwide and its in-house counsel Timothy Patrick Brady.

(3)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(4)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks materials containing the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the plaintiff.

(5)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(6)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

(7)   The request is overly vague and lacks specificity.

Production Request #11.

<u>Objection</u>:

(1)   The request seeks information relating to attorney's fees
      which are not requested in this action; and such information
      is therefore irrelevant.   The defendants are using this
      litigation to seek information related to claims made in
      other litigation (Liability Lawsuits).

(2)   The request is an attempt to seek discovery, which should be
      sought, if at all, in such other proceedings.

(3)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(4)   The request violates Fed. R. Civ. Pro. 26(b)(2) as the
      burden or expense of the discovery request outweighs its
      likely benefit, taking into account the needs of the case,
      the amount in controversy, the importance of the issues at
      stake in the litigation and the importance of the proposed
      discovery in resolving the issues.

(5)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case

Production Request #12.

Objection:

(1)  The request seeks information relating to attorney's fees
     which are not requested in this action; and such information
     is therefore irrelevant.  The defendants are using this
     litigation to seek information related to claims made in
     other litigation (Liability Lawsuits).

(2)  The request is an attempt to seek discovery, which should be
     sought, if at all, in such other proceedings.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(2) as the
     burden or expense of the discovery request outweighs its
     likely benefit, taking into account the needs of the case,
     the amount in controversy, the importance of the issues at
     stake in the litigation and the importance of the proposed
     discovery in resolving the issues.

(5)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case

Production Request #13.

<u>Answer</u>:

With respect to documents relating to the legal bills of Robinson & Cole which are not privileged or work product (see Exhibit 13 attached).

The foregoing response is subject to the following objection:

(1)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its counsel Michael Feldman.

(2)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its in-house counsel Timothy Patrick Brady.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks materials containing the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the plaintiff.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

Production Request #14.

Objection:

(1)    Communications with Lancer Claims Services are not relevant to whether Nationwide provides insurance coverage to the defendants.

(2)    The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(3)    The request is overly broad and unduly burdensome.

(4)    The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

(5)    The request is overly vague and lacks specificity.

(6)    The request violates Rule 34(b) by failing to describe the discovery sought with reasonable particularity.

Production Request #15.

Objection:

(1)   Communications with American Automobile Insurance Company
      are not relevant to whether Nationwide provides insurance
      coverage to the defendants.

(2)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(3)   The request is overly broad and unduly burdensome.

(4)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case.

(5)   The request is overly vague and lacks specificity.

(6)   The request violates Rule 34(b) by failing to describe the
      discovery sought with reasonable particularity.

Production Request #16.

<u>Objection</u>:

(1)   Communications with Fireman's Fund are not relevant to
      whether Nationwide provides insurance coverage to the
      defendants.

(2)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(3)   The request is overly broad and unduly burdensome.

(4)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case.

(5)   The request is overly vague and lacks specificity.

(6)   The request violates Rule 34(b) by failing to describe the
      discovery sought with reasonable particularity.

Production Request #17.

<u>Objection</u>:

(1)   Agreements with Fireman's Fund Insurance Companies are not
      relevant to whether Nationwide provides insurance coverage
      to the defendants.

(2)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(3)   The request is overly broad and unduly burdensome.

(4)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case.

(5)   The request is overly vague and lacks specificity.

(6)   The request violates Rule 34(b) by failing to describe the
      discovery sought with reasonable particularity.

Production Request #18.

Objection:

(1)    Communications with Fireman's Fund Insurance Companies is
        relevant to whether Nationwide provides insurance coverage
        to the defendants.

(2)    The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
        information which is irrelevant to the subject matter
        involved in the pending action and is not likely to lead to
        the discovery of admissible evidence.

(3)    The request is overly broad and unduly burdensome.

(4)    The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
        as it is interposed for improper purposes such as to harass
        and cause unnecessary delay or needlessly increase the cost
        of litigation and is unreasonable and unduly burdensome or
        expensive, given the needs of the case.

(5)    The request is overly vague and lacks specificity.

(6)    The request violates Rule 34(b) by failing to describe the
        discovery sought with reasonable particularity.

Production Request #19.

Objection:

(1)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Michael Feldman.

(2)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Bingham Dana.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(6)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
     as it is interposed for improper purposes such as to harass
     and cause unnecessary delay or needlessly increase the cost
     of litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

Production Request #20.

<u>Objection</u>:

(1)  The request is overly vague and lacks specificity.  The
     request violates Rule 34(b) by failing to describe the
     discovery sought with reasonable particularity

(2)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its in-
     house counsel Timothy Patrick Brady.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(6)  The request is overly broad and unduly burdensome.  The
     request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it
     is interposed for improper purposes such as to harass and
     cause unnecessary delay or needlessly increase the cost of
     litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

Production Request #21.

Objection:

(1)  The request is overly vague and lacks specificity.  The
     request violates Rule 34(b) by failing to describe the
     discovery sought with reasonable particularity.

(2)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(5)  The request is overly broad and unduly burdensome.  The
     request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it
     is interposed for improper purposes such as to harass and
     cause unnecessary delay or needlessly increase the cost of
     litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

Production Request #22.

Objection:

(1)  The request is overly vague and lacks specificity.  The
     request violates Rule 34(b) by failing to describe the
     discovery sought with reasonable particularity.

(2)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Bingham Dana.

(3)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

(6)  The request is overly broad and unduly burdensome.  The
     request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it
     is interposed for improper purposes such as to harass and
     cause unnecessary delay or needlessly increase the cost of
     litigation and is unreasonable and unduly burdensome or
     expensive, given the needs of the case.

Production Request #23.

Objection:

(1) The request is overly vague and lacks specificity.  The request violates Rule 34(b) by failing to describe the discovery sought with reasonable particularity.

(2) The request seeks communications which are protected by the attorney-client privilege between Nationwide and its counsel Michael Feldman.

(3) The request seeks communications which are protected by the attorney-client privilege between Nationwide and its in-house counsel Timothy Patrick Brady.

(4) The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(5) The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks materials containing the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the plaintiff.

(6) The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(7) The request is overly broad and unduly burdensome.  The request violates Fed. R. Civ. Pro. 26(b)(2) as the burden or expense of the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

(8) The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

Production Request #24.

Objection:

(1)  The request is overly vague and lacks specificity.  The request violates Rule 34(b) by failing to describe the discovery sought with reasonable particularity.

(2)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its counsel Michael Feldman.

(3)  The request seeks communications which are protected by the attorney-client privilege between Nationwide and its in-house counsel Timothy Patrick Brady.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks documents prepared in anticipation of litigation or for trial by Nationwide or its representative or attorney.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks materials containing the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the plaintiff.

(6)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks information which is irrelevant to the subject matter involved in the pending action and is not likely to lead to the discovery of admissible evidence.

(7)  The request is overly broad and unduly burdensome.  The request violates Fed. R. Civ. Pro. 26(b)(2) as the burden or expense of the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

(8)  The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c) as it is interposed for improper purposes such as to harass and cause unnecessary delay or needlessly increase the cost of litigation and is unreasonable and unduly burdensome or expensive, given the needs of the case.

Production Request #25:

Objection:

(1)   The request is overly vague and lacks specificity.  The
      request violates Rule 34(b) by failing to describe the
      discovery sought with reasonable particularity.

(2)   The request seeks communications which are protected by the
      attorney-client privilege between Nationwide and its counsel
      John Lemega.

(3)   The request seeks communications which are protected by the
      attorney-client privilege between Nationwide and its in-
      house counsel Timothy Patrick Brady.

(4)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
      documents prepared in anticipation of litigation or for
      trial by Nationwide or its representative or attorney.

(5)   The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
      materials containing the mental impressions, conclusions,
      opinions or legal theories of an attorney or other
      representative of the plaintiff.

(6)   The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
      information which is irrelevant to the subject matter
      involved in the pending action and is not likely to lead to
      the discovery of admissible evidence.

(7)   The request is overly broad and unduly burdensome.  The
      request violates Fed. R. Civ. Pro. 26(b)(2) as the burden or
      expense of the discovery request outweighs its likely
      benefit, taking into account the needs of the case, the
      amount in controversy, the importance of the issues at stake
      in the litigation and the importance of the proposed
      discovery in resolving the issues.

(8)   The request violates Fed. R. Civ. Pro. 26(g)(2)(b) and (c)
      as it is interposed for improper purposes such as to harass
      and cause unnecessary delay or needlessly increase the cost
      of litigation and is unreasonable and unduly burdensome or
      expensive, given the needs of the case.

Production Request #26.

Objection:

(1)  The request is overly vague and lacks specificity.  The
     request violates Rule 34(b) by failing to describe the
     discovery sought with reasonable particularity.

(2)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its counsel
     Michael Feldman.

(3)  The request seeks communications which are protected by the
     attorney-client privilege between Nationwide and its in-
     house counsel Timothy Patrick Brady.

(4)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     documents prepared in anticipation of litigation or for
     trial by Nationwide or its representative or attorney.

(5)  The request violates Fed. R. Civ. Pro. 26(b)(3) as it seeks
     materials containing the mental impressions, conclusions,
     opinions or legal theories of an attorney or other
     representative of the plaintiff.

(6)  The request violates Fed. R. Civ. Pro. 26(b)(1) as it seeks
     information which is irrelevant to the subject matter
     involved in the pending action and is not likely to lead to
     the discovery of admissible evidence.

PLAINTIFF,

By_____
Michael Feldman, Esq.
Law Office of Michael Feldman
10 Waterside Drive, Ste. 303
Farmington, CT 06032
Fed. Bar ID ct06649
860-677-0551
Its Attorneys

### PLAINTIFF'S OATH

I, Timothy Brady, hereby certify that I have reviewed the above Production Requests and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Timothy Brady

Subscribed and sworn to before me, this 1st day of November, 2000.

_____
Comm. of the Superior Court
Notary Public
My Comm. Expires:

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, on the 1st day of November, 2000, to the following:

Frank F. Coulom, Jr., Esq.
Maria T. Ackley, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Michael Feldman

**NATIONWIDE'S RESPONSE TO INTERROGATORY 11 AND PRODUCTION REQUESTS 2 AND 13**

1.  Letter from Frank Coulom, Jr., of Robinson & Cole to Timothy Brady, Esq. of Nationwide dated May 1, 2000, regarding whether Nationwide will provide a defense for Bonnie Johnson and the Johnson Agency (2 pages)

2.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated July 13, 2000, with attached redacted statement dated July 12, 2000 for representation of Bonnie Johnson for May 1 through June 30, 2000 (6 pages)

3.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated July 13, 2000, with attached redacted statement for representation of Donaldson, Bland and Mortenson for June 1 through 30, 2000 (5 pages)

4.  Fax transmittal Robinson & Cole dated July 13, 2000, with attached letters from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated July 13, 2000 and May 16, 2000 with attached redacted statement for representation of Donaldson for March 1 through April 30, 2000 (17 pages)

5.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated July 14, 2000, with attached redacted statement for representation of James Warner for June 1 through 30, 2000 (5 pages)

6.  Fax transmittal dated July 28, 2000, from Dick Frank of Robinson & Cole with attached invoice reports (10 pages)

7.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated August 7, 2000, with attached redacted invoice from Robinson & Cole dated August 3, 2000 for the matter of Bonnie Johnson for services through July 31, 2000 (6 pages)

8.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated August 8, 2000, with attached redacted statement for representation of Donaldson, Bland and Mortenson for July 1 through 31, 2000 (9 pages)

9.  Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn Beckwith at Nationwide dated August 17, 2000, with attached

redacted statement for representation of Robert York for
July 1 through 31, 2000 (6 pages)

10.   Letter from Frank Coulom, Jr., of Robinson & Cole to Glenn
      Beckwith at Nationwide dated August 17, 2000, with attached
      redacted statement for representation of James Warner for
      July 1 through 31, 2000 (4 pages)

11.   Letter from Timothy Brady of Nationwide to Frank Coulom, Jr.
      of Robinson & Cole dated August 25, 2000 re redacted
      invoices and fees (2 pages)

12.   Letter from Timothy Brady of Nationwide to Frank Coulom, Jr.
      of Robinson & Cole dated September 21, 2000 re eight checks
      totaling $40,000 for agents' defense costs (1 page)

13.   Letter dated September 29, 2000 from Frank Coulom, Jr. of
      Robinson & Cole to Timothy Brady, Esq. at Nationwide re
      eight payments of $5,000 toward legal fees of agent (1 page)

I:\WPDocs\NATIONWIDE\Royko\DocumentProdList.wpd