**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NATIONWIDE MUTUAL INSURANCE COMPANY      :      CIVIL ACTION NO.
     :      3:00CV1180 (CFD)

VS.      :

     :

BRUCE MORTENSEN, DAVID H. DONALDSON,      :
PATRICIA BLAND, JAMES WARNER, SR.,      :
JAMES L. BIRARELLI, JAMES L. BIRARELLI,      :
INC., BONNIE JOHNSON, JOHNSON AGENCY      :
INCORPORATED AND ROBERT YORK      :      August 8, 2007

## REPLY MEMORANDUM

The plaintiff, Nationwide Mutual Insurance Company ("Nationwide") respectfully submits this Reply

Memorandum in response to the defendants' July 2, 2007 Memorandum of Law in Opposition to

Nationwide's Supplemental Motion for Summary Judgment ("Def. Br.") and in further support of plaintiff's

April 4, 2007 Supplemental Motion for Summary Judgment ("Supplemental Motion").

A.      Introduction

The counterclaim is based on the proposition that an insurance company is obligated to sue its

insured. Defendants' argument goes even further - - that Nationwide had a fiduciary duty to sue its

insureds. Yet defendants fail to cite any caselaw to support the bizarre proposition that an insurance

company (or fiduciary) would ever have a duty to sue an insured.

The defendants further claim that Nationwide and its lawyers had a duty to pursue claims without

regard to their merit. But a party and its counsel have a legal duty not to pursue meritless claims. A party

should never be liable for fulfilling its legal duty.

Nationwide brought this declaratory judgment action for the sole purpose of determining coverage. Defendants have repeatedly sought to expand this case into something else - a forum in which to air their sweeping grievances against Nationwide - no matter that such claims were raised, heard and rejected in the Liability Lawsuits.

Early in this litigation, the defendants improperly sought far ranging discovery. Magistrate Judge Garfinkel recognized the limited scope of this declaratory judgment action, put an end to defendants' discovery abuse and sanctioned them. Docket Number 77, 88-1. Defendants now seek to ignore and circumvent Magistrate Judge Garfinkel's rulings - by using discovery from the Liability Lawsuits in the prosecution of their counterclaims here[1] and by trying to swamp this Court with utterly irrelevant materials.[2]

This declaratory judgment action was never consolidated with the Liability Lawsuits pending before Judge Chatigny, nor did defendants ever move to consolidate them. Defendants, in taking depositions of Nationwide officials (including Nationwide's president) never noticed Nationwide's counsel in this action or suggested that the depositions and exhibits developed in the Liability Lawsuits would be used here.[3]

---

[1]Def. Exhs. 1, 2, 3, 5, 6, 7, 8

[2]Such materials include an audio disc with a lengthy appellate argument from an out-of-state conversion case. It is hard to imagine how such an argument could assist this Court in deciding this action.

[3]The undersigned is seeing most of these exhibits and deposition transcripts for the first time. None of them have been "stipulated to" in this case. See, Def. Br. at 4 n.2.

-2-

Now defendants offer transcripts from the Liability Lawsuits in opposition to summary judgment.

Facts presented in opposition to summary judgment must be relevant and admissible. Rule 56(e). The defendants submissions are neither. They are not only shrill, wildly distorted,[4] conclusory and out of context - - but are irrelevant, the subject of other litigation and rulings and should not be considered again here.

B.    Discussion

(1) Defendants Mistate the Court's Ruling.  Defendants begin their argument with the following blatantly false reference to this Court's summary judgment ruling by stating:

> This Court previously held as a matter of law that Nationwide had a duty to defend the allegations in the original complaints which, inter alia covered claims for slogan infringement.

Def. Br. at 1.

Defendants cite no page reference from the summary judgment ruling, or any other ruling, to support this statement.  The Court never made such a ruling.  On the contrary the Court did hold: "Moreover, even assuming the Liability Lawsuits did allege trademark or trade dress infringement, courts have construed policies similar to those issued by Nationwide to place claims involving trademark or trade dress infringement outside the scope of 'advertising injury' when 'advertising injury' is defined as

---

[4]Defendants' references to Nationwide's conduct are not only overly dramatic and out of context, but are not supported in the record.  For example, defendants quote Nationwide as intending to "bleed the agents dry" multiple times, including twice within quotation marks (Def. Br. at 2, 5) erroneously citing S. Miles Dep. 251-255.  Def. Br. at 5.  Nowhere in those pages is the phrase "bleed the agents dry."

-3-

'misappropriation of advertising ideas or style of doing business.'" (Ruling on Motion for Summary Judgment, September 24, 2002 Docket Number 109 at 15.) ("Ruling"). This suggests that the trademark claims contained in the pre-amendment complaints were <u>not</u> covered.

(2)  <u>Defendants Fail to Address Nationwide's Principal Argument</u>.  In their lengthy brief the defendants never address the  central point of the Supplemental Motion – that a party should never be liable for <u>not</u> pursuing a lawsuit.  Defendants' position  rests on the untenable position that Nationwide should be liable for not pursuing certain claims against them.  Defendants cite no caselaw for such an absurd proposition.  A precedent affirmatively requiring a party to pursue a lawsuit – or risk civil liability for not doing so – would subvert logic, law and public policy.

(3)  <u>Defendants Base their Opposition on Facts and Issues Raised in the Liability Lawsuits</u>.

Virtually all of the materials cited in opposition to the present motion involve facts, issues and discovery relating to the other lawsuits and are irrelevant to the present insurance coverage declaratory judgment action. Def. Exhs. 1, 2, 3, 5, 6, 7,  8. The Liability Lawsuits address the agency relationship and termination and Nationwide's conduct and motive in connection with the agency relationship and in bringing the Liability Lawsuits.  Defendants now wish to take that battle here and re-litigate issues it has already lost.  <u>See</u>, Ruling and Order, ("Chatigny Ruling") March 31, 2004  <u>Nationwide Mutual Insurance Co., et al v. Bland, et al</u>, Case No. 3:99 CV 2005-2007 (RNC) (attached hereto as Exh. A).  But here, unlike the Liability Lawsuits, the issue is not the agency relationships between Nationwide and the defendants.  This

-4-

Case 3:00-cv-01180-CFD    Document 170    Filed 08/08/2007    Page 5 of 11

litigation involves a contractual insurance coverage issue.[5]

(4) Defendants Seek to Relitigate Issues Previously Raised and Rejected in the Liability Lawsuits.

In the counterclaim here as well as in the Liability Lawsuits, the defendants raise the same

fundamental issue - - Nationwide's motive in connection with the Liability Lawsuits. Here they argue that

Nationwide had a duty to prosecute certain claims. Yet in the Liability Lawsuits defendants argued that

Nationwide's suit against the agents was wrongful, violated CUTPA and was in bad faith. The defendants'

counterclaims in the Liability Lawsuits alleged:

First Count

35.    Nationwide targeted Donaldson, Bland and Mortensen for such a lawsuit.
. . .
Third Count

17.    As part of such ongoing interference, Nationwide has sued Bland, Donaldson and
Mortensen in an effort to stop them from exercising their contractual rights.
. . .
19. . . ..
c. it or they are not made in good faith or fairly because Nationwide is using court
proceedings against Bland, Donaldson and Mortensen in order to frighten former
contractees into silence or submission;
d. it or they are not made in good faith and fairly because Nationwide is using the lawsuit
against Bland, Donaldson and Mortensen in order to hold present contractees captive by
suppressing their right to consider exercising or exercising their contract rights to terminate

---

[5]Defendants seem so confused about which claims are asserted in which of the various
lawsuits, that they think that the Bingham firm represents Nationwide in this case. "Bingham
asserts in this action that its actions are completely severable from the coverage issues . . .."
Def. Br. at 22. (emphasis added) . Bingham has asserted nothing in "this action," - - in fact, it
has never filed an appearance in this action.

-5-

their relationship with and compete with Nationwide.

Amended Counterclaim March 23, 2001, <u>Nationwide Mutual Insurance Company, et al v. Bland, et al</u>, 3:99 CV 2005-2007 (RNC) (attached hereto as Exh. B).

Defendants want to have it both ways.  Defendants have asserted in their counterclaim in the Liability Lawsuits that Nationwide's lawsuits against them were in bad faith, reckless, willful, unfair and in violation of CUTPA.  Here defendants attempt to relitigate Nationwide's motives in connection with the Liability Lawsuits.  Defendants' claims were rejected on the merits by Judge Chatigny and the agents should not be allowed to relitigate those claims here.  Judge Chatigny stated that the agents' CUTPA counts are "based on Nationwide's filing of this lawsuit" and granted summary judgment against the agents. Chatigny Ruling, pp. 13-14.

Finally, Nationwide had good faith reasons to amend the complaints and the Court (Martinez, M.J.) allowed Nationwide's amendments over defendants' vigorous objections.  But whatever its motive, a party should never be required to <u>pursue</u> a lawsuit

(5)     <u>Defendants' Fiduciary Duty Claim is Without Merit</u>.  Defendants again take liberties with this Court's Ruling by stating: "In no uncertain terms, this Court previously held that Nationwide is a fiduciary of the defendants." Def. Br. at 14.  But the Court seemed to leave open the question by stating: "Without determining the extent of Nationwide's duties and whether Nationwide breached those duties . . .." Ruling at 21.  The Court also stated: "However, Nationwide <u>may</u> have certain fiduciary and good faith duties with regard to its actions." <u>Id.</u> at n.10. (emphasis added).

-6-

The defendants cite <u>Hutchinson v. Farm Family Casualty Ins. Co.</u>, 273 Conn. 33 (2005), in support of their argument that a fiduciary duty exists. In <u>Hutchinson</u> the court held that no fiduciary relationship exists between the insured and the insurer when their relationship is adversarial at the inception of a claim. <u>Id.</u> at 47. <u>Hutchinson</u> does not abrogate the well established rule that a fiduciary relationship exists when one party exercises control and discretion over the other. <u>United States of America v. Brennan</u>, 183 F.3d 139 (2nd Cir. 1999). This never happened here, where Nationwide expressly left control of the defense with the agents' counsel and never directed or controlled the defense.

Defendants have never cited any conduct of Nationwide that indicates that Nationwide controlled the defense, directed defense counsel's activities or undertook a fiduciary duty to the defendants.

To the extent that a fiduciary duty may have existed, Nationwide could never have breached such a duty. Defendants argue that Nationwide breached its fiduciary duty to defendants by <u>not</u> suing them. It would be a strange proposition of law indeed, that would <u>require</u> that for a fiduciary to fulfill his duty he <u>must</u> <u>sue</u> the party to whom he has a fiduciary duty.

(6)    <u>Attorney Fried's Conduct is Irrelevant.</u> Defendants make much of the fact that Attorney Fried was involved in both a New York coverage case as well as agent termination cases. Def. Br. at 7-8, 22. Yet the defendants cite no caselaw, statute or rules of professional conduct that prohibit an attorney from doing so. A lawyer representing an insurance company in a coverage matter is adverse to the insured. Attorney Fried had no conflict in doing so since in both situations she represented Nationwide and in both situations the agents were adverse to her client.

-7-

Perhaps defendants confuse Attorney Fried's role with that of defense counsel for an insured. A defense counsel appointed by an insurance company to defend an insured has an attorney-client relationship with the insured, and cannot represent the insurer on coverage matters. Attorney Fried however, was never "defense counsel" for the agents; her duties were solely to Nationwide.

(7)     Defendants Fail to Controvert Facts with a Showing that Nationwide had a Meritorious Lanham Act Claim. In defendants' voluminous filings they have never controverted the material facts supporting Nationwide's motion. Nationwide cited Attorney Fried's letter for the proposition that the inclusion of the agents in the telephone directory eliminated its chance of success under the Lanham Act. Defendants have not controverted this fact. They have not attempted to show that Nationwide had a meritorious trademark or Lanham Act claim against the agents; or that Nationwide and its counsel could legally and ethically continue to pursue such claim.

(8)     Defendants' Procedural Arguments are Without Merit. Defendants rely heavily on two hyper-technical procedural arguments: (a) that Nationwide never filed a reply to defendants' answer and counterclaims (Def. Br. at 10-13, 18-19); and (b) that the supplemental motion is really an untimely motion for reconsideration (Def. Br. at 13-18).

(a) A Reply is Not Required or Should be Excused. After seven years of litigation, having filed hundreds of pages of briefs and participated in multiple status conferences and status reports, the defendants now, for the first time, make much over the absence of a reply to the answer, arguing that all of the counterclaim allegations should be deemed admitted. Perhaps the reason defendants have never

- 8 -

raised this technicality is because it was clear to them that the counterclaim was in reality a mis-designated affirmative defense.  No reply is required or permitted in response to an affirmative defense.  Rule 7(a). The one count counterclaim repeats, virtually verbatim, allegations contained in other affirmative defenses to which no reply is allowed and are not deemed admitted.[6]  It only adds a claim for damages being the attorney fees incurred in defense of the Liability Lawsuits.  In this insurance coverage declaratory judgment action, had Nationwide lost, it would have been obligated to pay certain attorney's fees without defendants' assertion of a "counterclaim".  Thus it appears that the counterclaim is a mis-designated affirmative defense.  A mis-designated counterclaim may be treated as a defense. Rule 8(c).

In any event, the issues were joined many years ago and Nationwide's position was loudly articulated in numerous filings including its summary judgment motion dated April 26, 2001.  Defendants' position is disingenuous in arguing that it believes that Nationwide was admitting certain facts when Nationwide was vigorously contesting such facts in previous filings.[7]  The defendants cannot claim surprise or prejudice due to the absence of the reply.

Many courts have excused the failure to allege an affirmative defense, where there is no surprise or prejudice to the opposing party; specifically where the defense is raised in another manner such as by motion.  See, Curry v. City of Syracuse, 316 F.3d 324 (2nd Cir. 2003) (the defendant's failure to allege

---

[6]Under defendants analysis, the same allegations would be both admitted and denied.

[7]To the extent the Court deems a reply necessary then Nationwide would respectfully request leave to file one.

-9-

collateral estoppel as an affirmative defense did not constitute waiver where both sides fully briefed the issue in connection with a summary judgment motion); Astor Holdings, Inc. v. Rosky, 2003 WL 21939710 (D.C.N.Y. 2003) (the court may consider merits of affirmative defense raised for first time at summary judgment); Hernandez v. City of Hartford, 30 F.Supp. 2d 268 (D.Conn. 1998) (defenses not waived because plaintiff could not claim surprise or prejudice as defenses were raised in earlier motions and memoranda); Kleinknecht v. Gettysburg College, 989 F.2d 1360 (3rd Cir. 1993); Brinkley v. Harbour Recreation Club, 180 F. 3rd 598 (4th Cir. 1999),(unpleaded affirmative defense not waived if raised in dispositive pretrial motion and prejudice and unfair surprise are absent).

Finally, "All pleadings shall be so construed as to do substantial justice." Rule 8(f).

(b) Nationwide's Supplemental Motion is Timely. Nationwide's Supplemental Motion is not a motion for reconsideration. In the Ruling, the Court expressly indicated that the Ruling was without prejudice to Nationwide moving for summary judgment "at a later date" as to certain issues including the defendants' counterclaims. Ruling at 23-24 n. 16-18. "Later date" presumably meant that such a motion should not be filed immediately; (i.e. within ten days as would be required for a motion for reconsideration, District Court Rule 7(c)(1)). To file a motion promptly after the Ruling, when the Court indicated that it should be filed at a "later date" would have been inappropriate and disrespectful. Since the Ruling, the case has been pre-tried several times and subjected to stays. It would have been inappropriate to file the motion sooner.

-10-

PLAINTIFF,
NATIONWIDE MUTUAL INSURANCE CO.


By:___s/MichaelFeldman_____
Michael Feldman, Esq.
michaelfeldman@feldmanhickey.com
Feldman & Hickey, LLC
10 Waterside Drive, Suite 303
Farmington, CT 06032
(860) 677-0551
(860) 677-1147 (fax)
Fed. ID #ct06649

## CERTIFICATION OF SERVICE

I hereby certify that on August 8, 2007, a copy of this Reply Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Frank F. Coulom, Jr., Esq.
fcoulom@rc.com
Jude Francios, Esq
jfrancois@rc.com
Maria T. Ackley, Esq.
mackley@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597


___s/Michael Feldman_____
Michael Feldman

-11-