UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:00CV1180 (CFD) |
| V. : | |
| BRUCE MORTENSEN, DAVID H. DONALDSON, : | |
| PATRICIA BLAND, JAMES WARNER, SR., : | |
| JAMES L. BIRARELLI, JAMES L. BIRARELLI, : | |
| INC., BONNIE JOHNSON, JOHNSON AGENCY : | |
| INCORPORATED AND ROBERT YORK : | |
| Defendants : | MAY 9, 2008 |

## ANSWER TO COUNTERCLAIM

1-8.     The plaintiff/counterclaim defendant Nationwide Mutual Insurance Company ("Nationwide") is unable to respond, as the counterclaim fails to enumerate paragraphs one through eight.

9-12.    Nationwide admits the allegations contained in paragraphs nine through twelve.

13.      Nationwide is without information as to the allegations set forth in paragraph 13 and leaves the counterclaimants to their proof.

-1-

14. Nationwide admits paragraph fourteen.

15. Paragraph fifteen lacks sufficient specificity to allow Nationwide to admit or deny said allegations or the characterization of such alleged letters, therefore leaves the counterclaimants to their proof.

16. Nationwide declines to disclose facts or communications which are protected by the attorney-client privilege or work product doctrine and therefore is unable to respond to paragraph sixteen.

17. Nationwide admits issuing reservation of rights letters, which letters speak for themselves.

18-23. Nationwide denies the allegations set forth in paragraphs eighteen through twenty-three.

**FIRST AFFIRMATIVE DEFENSE**

1. The parties hereto have been involved in the following other litigation: (1) Nationwide Mutual Insurance Company, et al v. Bruce J. Mortensen, Case No. 399CV2007 (D. Conn) ("Mortensen Complaint"); (2) Nationwide Mutual Insurance Company, et al v. David H. Donaldson, Case No. 399CV2006 (D. Conn.) ("Donaldson Complaint"); (3) Nationwide Mutual Insurance Company v. Patricia Bland, Case No. 399CV2005 ("Bland Complaint"). (A Consolidated Amended Complaint dated July 11,

2000 ("Consolidated Amended Complaint") was filed, comprising the above three actions);  (4) <u>Nationwide Mutual Insurance Company, et al v. Johnson Agency, Inc.</u>, Case No. 300CV0619 (D. Conn) ("Johnson Complaint"); (5) <u>Nationwide Mutual Insurance Company, et al v. John Marcucilli, James Birarelli, James W. Warner, Sr., Marcucilli Agency, Inc., James L. Birarelli, Inc and Moraine Group, Inc.</u>, Case No. 300CV870 WWE, (D.Conn.) ("Marcucilli Complaint"); (6) <u>Nationwide Mutual Insurance Company, et al v. Robert York and The York Agency, Inc.</u>, Case No. CV-00-0092334-S (Conn. Superior Court) ("York Complaint") (collectively "Liability Lawsuits").

2. On July 11, 2000, Nationwide, in the Mortensen, Bland and Donaldson lawsuits, filed Requests for Leave to File an Amended Consolidated Complaint in which Nationwide sought, among other things, to delete the Lanham Act claims.

3. The defendant/counterclaimants Mortensen, Bland and Donaldson objected to Nationwide's proposed amendment in the Liability Lawsuits, claiming that Nationwide's conduct in proposing an amendment to the pleadings was wrongful, in bad faith and violated its fiduciary duty.

4. On August 15, 2000 a hearing was held before the Honorable Donna F. Martinez, United States Magistrate Judge, in which the parties were fully heard on Nationwide's proposed amendment and the objections thereto.

-3-

5. On August 17, 2000 Magistrate Judge Martinez issued her ruling granting Nationwide's Motion to Amend: "GRANTED.  The plaintiff's motion to amend is timely . . . . the Court is not persuaded that the plaintiffs [Nationwide Companies] are motivated by bad faith . . .."

6. On September 13, 2000, Mortensen, Bland and Donaldson moved for reconsideration.  Magistrate Judge Martinez granted reconsideration and denied the relief requested.

7. Mortensen, Bland and Donaldson, and those in privity with them, including the remaining defendant/counterclaimants herein, have litigated the issue of Nationwide's conduct in amending the complaints and are barred by the doctrines of collateral estoppel and res judicata from:  (a) relitigating such claims, or, (b) claiming that Nationwide's conduct in amending the lawsuits or not pursuing Lanham Acts claims was wrongful.

**SECOND AFFIRMATIVE DEFENSE**

1. In the Liability Lawsuits, defendant/counterclaimants filed counterclaims.

2. The counterclaims in the Liability Lawsuits (except York) have been litigated and have gone to judgment on March 31, 2004 pursuant to a Ruling and Order

(Chatigny, J.) in which summary judgment was granted as to all counts of the amended counterclaim.

    3.    The counterclaims raised herein could have been asserted as counterclaims in the Liability Lawsuits. The defendant/counterclaimants are therefore barred by the doctrines of res judicata and collateral estoppel from asserting the counterclaims here.

**THIRD AFFIRMATIVE DEFENSE**

    1.    The defendant Robert York entered into a settlement with Nationwide and provided a general release to Nationwide and therefore is barred by said release from seeking the relief sought in his counterclaims. Alternatively, while denying any liability for attorneys fees, Nationwide asserts that the amounts paid by Nationwide in connection with the York settlement, reduce any attorney's fees claimed by defendant/counterclaimants.

**FOURTH AFFIRMATIVE DEFENSE**

    1.    While denying any liability for attorney's fees, Nationwide asserts that the defendant/counterclaimants have failed to submit valid attorney's fee invoices to Nationwide and have therefore waived, or are estopped from seeking, recovery for amounts allegedly due for attorney's fees.

**FIFTH AFFIRMATIVE DEFENSE**

1. In its reservation of rights letters, Nationwide reserved its right to recoup defense costs if it is determined there is no coverage under the policy.

2. The Court, in its Summary Judgment ruling (September 24, 2002), found that Nationwide had no duty to defend the Liability Lawsuits.

3. Any amounts due under the counterclaims, would be set off or recouped, by virtue of the absence of coverage.

**SIXTH AFFIRMATIVE DEFENSE**

1. The counterclaims fail to state claims upon which relief may be granted.

PLAINTIFF/COUNTERCLAIM DEFENDANT
NATIONWIDE MUTUAL INSURANCE COMPANY


By:   /s/ Michael Feldman, Esq.
      Michael Feldman, Esq.
      Feldman & Hickey, LLC
      10 Waterside Drive, Ste. 303
      Farmington, CT 06032
      Its Attorney
      Fed. Bar #ct 06649
      (860) 677-0551
      (860) 677-1147 (fax)
      michaelfeldman@feldmanhickey.com

**CERTIFICATION OF SERVICE**

      I hereby certify that on May 9, 2008, a copy of the foregoing Plaintiff/ Counterclaim Defendant's Answer to Counterclaim was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Frank F. Coulom, Jr., Esq.
fcoulom@rc.com
Jude Francois, Esq.
jfrancois@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

and via regular mail to:

           /s/Michael Feldman, Esq.
           Michael Feldman, Esq.
           Feldman & Hickey, LLC
           10 Waterside Drive, Ste. 303
           Farmington, CT 06032
           Its Attorney
           Fed. Bar #ct 06649
           (860) 677-0551
           (860) 677-1147 (fax)
           michaelfeldman@feldmanhickey.com

\\server\data\Common\WPDocs\NATIONWIDE\Royko\Answer to Counterclaim4-17-08.wpd