UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:00-cv-1180 (CFD) |
| | : | |
| BRUCE MORTENSEN ET AL., | : | |
| Defendants. | : | |

### RULING ON MOTION FOR RECONSIDERATION

The defendants ask the Court to reconsider a portion of its ruling of August 24, 2009 [Dkt # 181], which granted summary judgment on Defendants' claim for breach of the duty of good faith and fair dealing.  Defendants' motion for reconsideration [Dkt #183] is GRANTED.  However, upon reconsideration, the motion for summary judgment is GRANTED IN PART and DENIED IN PART, as originally issued.

The standard for granting a motion for reconsideration is strict.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Moreover, a motion for reconsideration cannot be used to plug gaps in oral argument or to make alternative arguments once a decision has been made.  Doninger v. Niehoff, No. 3:07CV1129 (MRK), 2009 WL 763492, at *1 (D.Conn. Mar. 19, 2009).  Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'"  LoSacco v. City of Middletown, 822 F. Supp.

870, 876-77 (D.Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In the original ruling on the motion for summary judgment, the Court stated that "[t]he defendants also allege, *but provide no support*, that 'shortly after the hearing concerning Fried's request for leave to amend the complaint, [Fried's law firm] forwarded a copy of the hearing transcript to coverage counsel.'" See Nationwide Mut. Ins. Co. v. Mortensen, No. 3:00 CV 1180 (CFD), 2009 WL 2710264, at *7 (D.Conn. Aug. 24, 2009) (emphasis added). As the defendants point out, however, they did produce such evidence in the form of an interrogatory answer. This interrogatory was originally presented as part of Defendants' Appendix of Exhibits to a summary judgment motion made by the plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), in April of 2001. The interrogatory asks Nationwide to "[d]escribe how Attorney Michael Feldman came to possess the transcript of the August 15, 2000 hearing before Magistrate Judge Martinez concerning the plaintiffs' Request for Leave to File Amended Consolidated Complaint." See Def.'s Ex. 11. The response stated that "Attorney Feldman requested a copy of the transcript from Attorney Freeman, who sent it to him." Therefore, there is evidence in the record supporting Defendants' claim that Fried's law firm forwarded a copy of the hearing transcript to coverage counsel. The Court originally overlooked this evidence, and therefore, the motion to reconsider is granted.[1]

Nonetheless, this evidence, taken in conjunction with all the other evidence presented, is

---

[1] Defendants also move for reconsideration on the ground that "the Court erred in placing the burden on Defendants to prove that Nationwide's hearsay declaration was false and pretextural when Nationwide never provided sworn evidence that it amended the underlying complaint for a legitimate reason." See Def.'s Mot. at 7–8. However, the Court did not alter the burdens required in the summary judgment context.

not sufficient to create a genuine issue of material fact on whether Nationwide breached its duty of good faith and fair dealing.  Bad faith "implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive."  Habetz v. Condon, 618 A.2d 501, 504 (Conn. 1992) (internal quotations omitted).  The addition of the interrogatory response, taken with all of the evidence in the light most favorable to the defendants, neither creates a reasonable inference of bad faith nor rebuts Nationwide's plausible explanation for not asserting Lanham Act claims against the defendants.

Accordingly, Nationwide's supplemental motion for summary judgment [Dkt # 157] remains GRANTED IN PART and DENIED IN PART, as originally issued.

SO ORDERED this   16th   day of December 2009, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**