UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : : | |
| Plaintiff | : : | |
| v. | : : | 3:00-CV-1180 (CFD) |
| BRUCE MORTENSEN ET AL., | : | |
| Defendants. | : | |

**RULING ON MOTIONS IN LIMINE**

In anticipation of trial, the plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), brought several motions in limine. The Court now addresses these motions.

**I.**     **Motion in Limine I**

Nationwide seeks to preclude the defendants from introducing expert testimony relating to the reasonableness of the defendants' attorneys' fees, the complexity of the litigation, whether the lawsuit was pursued aggressively, and whether the defendants' counterclaims are inextricably linked to Nationwide's claims.

Connecticut courts have held that "the need to present expert testimony in collection cases is best decided, not by a bright line rule, but by careful examination of the circumstances of each particular case." St Onge, Stewart, Johnson & Reens, LLC v. Media Group, Inc., 851 A.2d 1242, 1246–47 (Conn. App. Ct. 2004). A determination of the reasonableness of attorneys' fees is based on several factors, including (1) the time and labor required; (2) the novelty and difficulty of the questions involved; and (3) the fee customarily charged for similar legal services. Id. at 1245. Here, the long and complex nature of this case inevitably makes a determination of the reasonableness of the defendants' fees challenging. The defendants claim that the fees

Nationwide paid to its counsel are the best measure of reasonableness and, therefore, expert testimony is not required. At oral argument, however, the defendants requested an opportunity to retain an expert on attorneys' fees. While the opposing side's attorneys' fees may be a relevant factor in determining reasonableness, see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008); Serricchio v. Wachovia Sec., LLC, 258 F.R.D. 43, 43–47 (D. Conn. 2009); SNET v. Global Naps, Inc., No. 3:04-cv-2075, 2008 WL 1848899, at *2–4 (D. Conn. Apr. 25, 2008), this Court finds that expert testimony is necessary in this case due to the complexity of the litigation. An expert will be better able to assist the jury in making its determination of whether the defendants' attorneys' fees are reasonable. Cf. Pearl v. Nelson, 534 A.2d 1257, 1259 (Conn. App. Ct. 1988) (noting that "the subject [of what constitutes reasonable attorneys' fees] is not one which is within the ordinary knowledge and experience of jurors").

Nationwide asserts that the defendants have missed their opportunity to disclose an expert witness and that allowing them to do so now would greatly prejudice its case. The Court, however, finds that there is sufficient time prior to trial for the defendants to identify an expert witness on fees and for Nationwide to subsequently depose the expert. Re-opening discovery on this limited issue will not prejudice either party and will provide for a more efficient trial. Accordingly, Nationwide's motion in limine to preclude expert testimony is denied.

## II.     Motion in Limine II

Nationwide seeks to exclude evidence of claims and attorneys' fees relating to defendant Robert York because York granted Nationwide a general release as part of a settlement in June 2002 in the Connecticut Superior Court. While both parties dispute whether the York release

encompasses or intended to encompass the current litigation, a motion in limine is not the proper manner in which to decide such a matter. Thus, Nationwide's motion in limine to preclude all evidence of fees incurred for Robert York is denied without prejudice to being raised again at the time of trial.

### III.  Motion in Limine III

Nationwide seeks to preclude the defendants from introducing evidence relating to their claim for damages because the defendants have not identified a written fee agreement and have not disclosed a damage analysis.

Rule of Professional Conduct 1.5(b) states that "the rate of the fee and expenses for which the client will be responsible, shall be communicated to the client in writing."[1] Nationwide argues that defendants are precluded from offering evidence of its claim for attorneys' fees because they have not complied with Rule 1.5(b). Nationwide's reliance on Rule 1.5(b), however, is misplaced. Rule 1.5(b) of the Rules of Professional Conduct is designed to protect the *client* from abusive fee practices by lawyers. See Model Rule of Prof'l Conduct R.1.5(b) cmt. 2; cf. DiFrancesco v. Goldman, 16 A.2d 828, 830–31 (Conn. 1940) (noting that any doubts as to transactions between an attorney and client should be resolved in favor of the client). Typical litigation over Rule 1.5(b) involves an attorney, who failed to provide the client with a written fee agreement, seeking to recover legal fees from his client. See, e.g., Law Offices of Norman J. Voog, LLC v. Heinecke, No. DBDCV085003818S, 2009 WL 455556 (Conn. Super.

---

[1] Pursuant to Local Rule 83.2, this Court "recognizes the authority of the 'Rules of Professional Conduct,' as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut."

Ct. Jan. 28, 2009). In such a context, Rule 1.5(b) protects the client from the attorney. In contrast, although Nationwide is liable for the defendants' attorneys' fees under the reservation of rights letter, it is not Robinson & Cole's client. In this tripartite context, if the Court were to preclude evidence relating to attorneys' fees, the defendants would be unfairly punished for their attorneys' failure to comply with Rule 1.5(b). Such an outcome is neither desirable nor intended by Rule 1.5(b).

Nationwide also claims that because the defendants have not disclosed a damages analysis, as they are required to do in their Rule 26(f) report, the defendants should be prohibited from introducing evidence on such damages. Because there is sufficient time before trial for Nationwide to review an updated damages analysis, the Court orders the defendants to provide Nationwide with its damages analysis within fourteen days of this Order. Accordingly, Nationwide's motion in limine is denied.

## IV.     Motion in Limine IV

Nationwide seeks to preclude the defendants from introducing evidence of the attorneys' fees that Nationwide paid its counsel, Bingham McCutchen, to prosecute the liability lawsuits as a measure of the reasonableness of the defendants' attorneys' fees. Specifically, Nationwide argues that discovery of Bingham McCutchen's attorneys' fees was previously disallowed by Magistrate Judge Garfinkel; that comparing Bingham's fees with Robinson & Cole's fees (the defendants' counsel) will confuse the jury and prolong the trial; and that Bingham's fees are not relevant.

The Second Circuit has held that "in determining what a reasonable, paying client would be willing to pay," a court may consider "the resources required to prosecute the case effectively

(taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics." Arbor Hill, 522 F.3d at 184; see also Serricchio, 258 F.R.D. at 46 ("[I]t may be proper to permit a prevailing party to take discovery of its opponent's billing records where that opponent claims that the hours [the prevailing party's] counsel expended were grossly excessive."). This Court finds, however, that given the complex litigation history in this case, the probative value of Bingham McCutchen's fees is substantially outweighed by the likelihood of confusion of the issues and undue delay. See Fed. R. Evid. 403. Due to the overlap of the various lawsuits related to this case, the use of Bingham McCutchen's fees to help establish the reasonableness of the defendants' fees is likely to cause substantial confusion and delay in the trial. The only fees relevant at trial are those related to the liability lawsuits and it would be problematic to separate and identify what portion of Bingham's fees are directly related to that matter. Thus, because the admissibility of the opposing side's fees is permissive, not mandatory, and the likelihood of confusion at trial is significant, the Court grants Nationwide's motion in limine to exclude evidence of Bingham McCutchen's fees.

**V.      Motion in Limine V**

Nationwide seeks to preclude the defendants from offering its attorneys' fees invoices into evidence due to the deficiency of the invoices the defendants previously submitted. Specifically, Nationwide asserts that because the invoices the defendants provided to it contain no description of the services rendered or the applicable hourly rate, the defendants should not be allowed to offer the invoices into evidence. The defendants maintain that more detailed invoices would have contained confidential information pertaining to its litigation strategy, which was privileged information under the attorney/client relationship. Given the importance of the

defendants' attorneys fees in this case, the original invoices sent to Nationwide would be of little help to the jury. Without being able to ascertain the nature of the charges or the hourly rate, it would be difficult for the jury to determine whether the defendants' attorneys' fees were reasonable. Due to the significance and complexity of the fees in this case, however, it would be more beneficial to the jury to allow the defendants to submit complete, or reasonably redacted, invoices rather than excluding the introduction of the invoices altogether. Therefore, conditioned upon the defendants disclosing to Nationwide complete invoices within fourteen days of this Order, Nationwide's motion in limine is denied.

## VI. Motion in Limine VI

Nationwide seeks to preclude the defendants from introducing many of its 241 exhibits into evidence and from offering testimony from some of its 32 witnesses on the grounds that such evidence is irrelevant. Nationwide, however, does not specify which of these 241 exhibits or 32 witnesses are actually irrelevant. While the Court agrees that there are many issues in this case that have been properly disposed of prior to trial and are therefore now irrelevant to the defendants' remaining claim for attorneys' fees, the Court finds that it is premature to rule on Nationwide's motion to preclude such evidence at this time. Accordingly, Nationwide's motion in limine is denied without prejudice to it raising any relevancy issues at trial.

## VII. Conclusion

Accordingly, the plaintiff's Motion in Limine I [Dkt. # 201] is DENIED; the plaintiff's Motion in Limine II [Dkt. # 208] is DENIED; the plaintiff's Motion in Limine III [Dkt. # 202] is DENIED; the plaintiff's Motion in Limine IV [Dkt. # 203] is GRANTED; the plaintiff's Motion in Limine V [Dkt. # 204] is DENIED; and the plaintiff's Motion in Limine VI [Dkt. # 205] is DENIED.

The Court will determine the appropriate time period for re-opening discovery at the pre-trial conference scheduled for Monday, December 13, 2010.

SO ORDERED this 7th day of December 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**