UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : : | |
| Plaintiff, | : : | |
| v. | : : | 3:00-CV-1180 (CFD) |
| BRUCE MORTENSEN ET AL., | : : | |
| Defendants. | : | |

**RULING ON MOTIONS FOR RECONSIDERATION**

The plaintiff, Nationwide Mutual Insurance Co. ("Nationwide"), and the defendants have each filed a motion for reconsideration.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court should not grant a motion for reconsideration where the moving party seeks merely to re-litigate matters already addressed by the Court. Id.

**I.   Motion for Reconsideration re: Recoupment**

On August 24, 2009, the Court issued a ruling dismissing Count Three of the Complaint, in which Nationwide sought to recoup its costs expended to defend under a reservation of rights letter. See Nationwide Mut. Ins. Co. v. Mortensen, No. 3:00-CV-1180, 2009 WL 2710264, at *3 n.5 & *4–5 (D. Conn. Aug. 24, 2009). In that ruling, the Court held that "Nationwide cannot recoup expenditure made in fulfilling its promises to defend pursuant to the reservation of rights letters." Id. at *5. Nationwide has filed a motion for reconsideration of the Court's ruling.

In support of its motion, Nationwide principally relies on the Connecticut Supreme Court's decision in <u>Security Insurance Co. of Hartford v. Lumbermens Mutual Casusalty Co.</u>, 826 A.2d 107 (Conn. 2003) for its view that under Connecticut law, an insurer is entitled to reimbursement for the cost of defending uncovered claims. In that decision, the Connecticut Supreme Court stated:

> A cause of action for reimbursement is cognizable to the extent required to ensure that the insured not reap a benefit for which it has not paid and thus be unjustly enriched. Where the insurer defends the insured against an action that includes claims not even potentially covered by the insurance policy, a court will order reimbursement for the cost of defending the uncovered claims in order to prevent the insured from receiving a windfall.

<u>Id.</u> at 125. In <u>Security Insurance</u>, the court granted the insurer reimbursement of its defense costs for claims that arose from a seventeen year period in which the insured was uninsured; without insurance, there was no potential that the insured's claims would be covered by an insurance policy, and therefore the court found that the insurer was entitled to recoup its costs for defending such claims. <u>See</u> <u>id.</u> ("Those costs allocable to periods of self-insurance are note even potentially covered by the insurer's policies. . . . Thus, the insured would be unjustly enriched were we to conclude that there is no claim for reimbursement for the cost expended by the insurers in defending periods of self-insurance."). Here, in contrast, although the Court ultimately determined that the defendants' claims were not covered by their insurance policy and Nationwide did not have a duty to defend, there was at least a *potential* that the defendants' claims would be covered.[1] There were no periods of self-insurance for the defendants in this

---

[1] Nationwide asserts that because the Warner defendants (James Warner, Sr., James Birarelli, John Marcucilli, Robert York, and Bonnie Johnson) did not even allege advertising, there was no potential that their claim for advertising injury would be covered under the insurance policy. Nonetheless, the Warner defendants did assert other bases for coverage,

case; rather, the defendants paid insurance premiums to Nationwide and Nationwide had a temporary duty to defend until a determination on coverage was made. Further, as the Court previously stated, "[i]f the Court were to now allow Nationwide to recoup defense costs, the defendants would be required to pay for the action Nationwide took to protect itself." See Nationwide, 2009 WL 2710264, at *5. Accordingly, because there was a potential that the defendants' claims were covered, Nationwide is not entitled to recoup its defense costs for defending such claims, and the Court denies Nationwide's motion for reconsideration.

**II.     Motion for Reconsideration re: Disclosure of Bingham McCutchen's Bills**

On December 7, 2010, the Court issued a ruling granting Nationwide's Motion in Limine IV, which precluded the defendants from introducing into evidence the legal bills of Nationwide's counsel, Bingham McCutchen, as a measure of the reasonableness of the defendants' attorneys' fees. See Nationwide Mut. Ins. Co. v. Mortensen, No. 3:00-CV-1180, 2010 WL 5071046, at *2 (D. Conn. Dec. 7, 2010). The defendants have filed a motion for reconsideration of the Court's ruling. For the same reasons stated in the Court's prior ruling—namely, the likelihood of confusion of the issues and undue delay pursuant to Federal Rule of Evidence 403—the Court denies the defendants' motion for reconsideration.

---

including personal injury.

## III. Conclusion

Accordingly, the plaintiff's motion for reconsideration [Dkt. #267] is DENIED and the defendants' motion for reconsideration [Dkt. #262] is DENIED. Also, the pending motion for leave to file additional discovery requests [Dkt. #254] was granted on January 6, 2011 [Dkt. #258]. Therefore, the Clerk is ordered to GRANT the defendants' motion [Dkt. #254].

SO ORDERED this <u>18th</u> day of July 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**